Judith D. JOHNSON, Bobby Roy Johnson, Jr., Tammy Ranae Johnson, Patricia Ray Johnson, Minor Children, by their Next Friend, Judith D. Johnson, Plaintiffs,

v.

**BURLINGTON–NORTHERN, INC., Defendant.**

**No. 78–6060–CV–SJ.**

United States District Court, W. D. Missouri, St. Joseph Division.

Nov. 26, 1979.

---

**260**

Daniel M. Czamanske, Parkville, Mo., R. Lawrence Ward, Steven D. Ruse, Shughart, Thomson & Kilroy, Kansas City, Mo., for plaintiffs.

David H. Clark, Allen R. Purvis, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Pending is plaintiffs' Motion for Change of Venue to the Western Division for Trial. Plaintiff bases this contested motion on 28 U.S.C. § 1404(b), which gives the Court discretion to transfer a civil action from one division to another within the same district. In this instance the choice is between Kansas City and St. Joseph.

While the Court cannot conclusively say at this time that the convenience of parties and witnesses would be best served by transferring this case to Kansas City, in that four significant witnesses do reside in St. Joseph (members of the train crew in this wrongful death action) and a number of witnesses residing in the Kansas City metropolitan area live in the northern portion which is readily accessible to St. Joseph, it appears probable that the convenience of witnesses needed for full presentation of this case slightly favors a trial in Kansas City.

An important consideration in ruling this motion to transfer *within* the district, rather than to *another* district, is that no St. Joseph counsel have been retained, and the convenience of all counsel and the Court doubtless favors trial in Kansas City.

The selection of trial counsel in St. Joseph (or north of St. Joseph) by either party will generally be considered controlling. Such selection indicates justifiable acceptance of the litigation as a "St. Joseph case," and transfer of trial to Kansas City, over objection, would impose some unnecessary burdens on counsel which would be somewhat costly to the party selecting such counsel.

In an unusual situation the Court may take into account the ease of travel between St. Joseph and Kansas City, as justifying a transfer. Generally, however, the Court will give effect to the longstanding Congressional mandate that Federal cases arising in eighteen counties in northwestern Missouri should be heard in St. Joseph. 28 U.S.C. § 105(b)(3). Only an exceptional docket situation or some clear imbalance in convenience will justify an involuntary transfer within the district, over objection of a party represented by St. Joseph counsel.

The elements to be considered in exercising discretion to transfer to another district are defined in a manner which generally precludes considering the convenience of Court and counsel. 28 U.S.C. § 1404(a); *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). Discretionary transfers *within* a district, however, are subject to fewer guidelines. 28 U.S.C. § 1404(b).

In the somewhat unusual situation before the Court, with no St. Joseph counsel, and where the convenience of most of the witnesses, counsel and the Court seemingly favors trial in Kansas City, the motion to transfer will be granted.

Plaintiffs suggest that trial may be possible on the accelerated jury trial docket in Kansas City in January or February, 1980. The Court will consider trial docket condi-

tions at a pretrial conference in this case, scheduling of which, with other cases, will occur later this week. Accordingly, it is hereby

ORDERED that plaintiffs' Motion for Change of Venue to the Western Division for trial is granted. The transfer shall be made to Division 6 of the Western Division.