UNITED STATES of America, Appellee,

v.

Harold L. FRANCISCO, Appellant.

No. 79–1795.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 7, 1979.

Decided Feb. 6, 1980.

Rehearing Denied Feb. 27, 1980.

Paul A. Zoss, Myers & Knox, Des Moines, Iowa, for appellant.

Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, for appellee.

Before GIBSON, Chief Judge,* and LAY and McMILLIAN, Circuit Judges.

LAY, Circuit Judge.

In March, 1979, an indictment was returned against Harold L. Francisco, charging him with three counts of willful failure to file an income tax return for the tax years 1972, 1973 and 1974, in violation of 26 U.S.C. § 7203. Francisco waived jury trial; his case was tried to the district court, the Honorable Donald E. O'Brien presiding, which found him guilty on all three counts. He was sentenced to one year in prison on each count, the sentences to be served concurrently.

On appeal Francisco argues the Government failed to prove every element of the crime charged; that he was denied effective assistance of counsel; and that the federal income tax is unconstitutional.

*Sufficiency of evidence.*

■ Francisco's basic contention that the Government failed to prove the receipt of gross income sufficient to require the filing of a return under 26 U.S.C. § 6012 is without merit. Francisco stipulated to receiving "gross compensation on sales" for each year in question in amounts in excess of $21,000. These figures were calculated by subtracting the cost of goods sold from total sales. Gross income for merchants is the amount representing gross receipts less the cost of goods sold. *See United States v. Ballard,* 535 F.2d 400, 404–05 (8th Cir.), *cert. denied,* 429 U.S. 918, 97 S.Ct. 310, 50 L.Ed.2d 283 (1976); Treas.Reg. § 1.61–3 (1979). The stipulated amounts are sufficient to require the reporting of such income.

■ It is also contended these "gross compensation" figures do not represent gross income because they have not been adjusted by other items which may be excluded from gross income. The Government's only burden, however, is to establish that gross receipts exceed the cost of goods sold by an amount sufficient to trigger the reporting requirements. The burden then shifts to the taxpayer to come forward with evidence of offsetting expenses. *See Siravo v. United States,* 377 F.2d 469, 473 (1st Cir. 1967).

*Willfulness.*

■ Next Francisco argues the Government did not prove he acted with an evil motive or purpose, and therefore failed to establish the element of willfulness. Willfulness under the tax code requires only proof of an intentional violation of a known legal duty. *See United States v. Rifen,* 577 F.2d 1111, 1113 (8th Cir. 1978); *United States v. Pohlman,* 522 F.2d 974 (8th Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976), *cited with approval in United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976). Evidence of IRS attempts to explain legal requirements to him, as well as Francisco's prior tax paying history, and the testimony of Rex Scott, former IRS special agent, regarding Francisco's involvement in the tax protest movement, and Gladys Houseman, the individual who prepared his income tax returns from 1963 through 1971, clearly establish Francisco was aware of his legal obligation and intentionally chose not to comply. *See United States v. Rifen,* 577 F.2d at 1113.

■ Because his returns contain "some information," Francisco urges the filing requirements were satisfied. However, his returns contain no income information from which tax liability can be calculated. Hence, they do not satisfy filing requirements. *See United States v. Pryor,* 574 F.2d 440, 442 (8th Cir. 1978); *United States v. Rifen,* 577 F.2d 1111 (8th Cir. 1978).

*Assistance of counsel.*

At a pre-trial hearing before a United States Magistrate, Francisco indicated he would like assistance of counsel. When questioned further, he stated that he knew his case best and expected to do the talking, but would like appointment of a lawyer to advise him. Accordingly, Thomas M. Kelly was appointed to assist him.

---

* The Honorable Floyd R. Gibson was Chief Judge of the Eighth Circuit at the time this case was submitted and took senior status on December 31, 1979, before the opinion was filed.

 Francisco now argues he was denied effective assistance of counsel. This argument fails for two reasons. First, the record clearly indicates Mr. Kelly competently assisted Francisco; he advised him on all substantive and procedural matters, cross examined witnesses and interposed numerous objections. Second, even though Kelly admitted he didn't completely understand Francisco's challenge to the constitutionality of the income tax, Francisco was clearly not prejudiced. The district court afforded him wide latitude in presenting and exploring his constitutional theories, and even requested defense witnesses to clarify their testimony in order that he might fully understand the constitutional defense. The contention that Francisco was denied effective assistance of counsel is therefore, without merit. *See Nevels v. Parratt,* 596 F.2d 344, 346 (8th Cir. 1979).

*Constitutional argument.*

Francisco's challenge is premised upon two theories: (1) the income tax is an indirect tax; and (2) income received in exchange for labor or services is not income within the meaning of the Sixteenth Amendment.

 The cases cited by Francisco clearly establish that the income tax is a direct tax, thus refuting the argument based upon his first theory. *See Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1, 19, 36 S.Ct. 236, 242, 60 L.Ed. 493 (1916) (the purpose of the Sixteenth Amendment was to take the income tax "out of the class of excises, duties and imposts and place it in the class of direct taxes").

 Francisco's conviction was based upon receipt of stipulated amounts representing compensation from the sale of goods. His challenge based upon income received from labor or services is therefore inapposite. In any event, it is clear Congress intended to tax income from whatever source derived. *See Brushaber v. Union Pacific Railroad Co.,* 240 U.S. at 18, 36 S.Ct. at 241.

Francisco stipulated to receiving amounts representing gross proceeds less costs, which constitute gains. *See United States v. Ballard,* 535 F.2d at 404. Thus, by his own admission Francisco received taxable income.

We find this appeal frivolous.

Judgment affirmed.