UNITED STATES of America, Appellee,

v.

Allen THIEL, Jr., Appellant.

No. 79–1696.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1980.
Decided April 25, 1980.

Thomas K. Wilka, Burns, Hagen & Wilka, Sioux Falls, S. D., for appellant.

John J. Ulrich, Asst. U. S. Atty., Sioux Falls, S. D., for appellee; Terry L. Pechota, U. S. Atty., and Shelley M. Stump, Asst. U. S. Atty., Sioux Falls, S. D., on brief.

Before ROSS and HENLEY, Circuit Judges, and GIBSON, Senior Circuit Judge.

GIBSON, Senior Circuit Judge.

Thiel appeals his conviction, pursuant to a jury verdict, for failure to file an income tax return for the year 1975 in violation of 26 U.S.C. § 7203 (1976). We affirm the judgment of conviction.

On November 3, 1978, the Government filed an information against Thiel, charging that he had received a gross income of approximately $51,289.28 for the calendar year 1975, and had willfully and knowingly failed to file a tax return on or before April 15, 1976. Thiel entered a plea of not guilty on December 8, 1978. On December 19, Thiel requested Judge Bogue of the Western Division of the District of South Dakota to recuse himself. On January 10, 1979, Judge Bogue recused himself and the case was transferred to Judge Nichol in the Southern Division of the District of South Dakota. Thiel then objected to the transfer in a motion of objection to change of venue. Judge Nichol denied this motion.[1]

Judge Bogue appointed counsel for Thiel on December 19, 1978. Thiel then filed, pro se, a notice of intention to use co-counsel of choice. Judge Bogue responded by advising Thiel that he would not be allowed to use lay counsel during the trial of his case, but that the court-appointed counsel would be available on a standby basis if Thiel should desire to use him. Although substitutions were made in the court-appointed counsel twice, Thiel insisted that he would not accept the court's counsel of choice, but would prefer to be without counsel unless he were allowed his counsel of choice, a lay person.

Proceeding pro se, with court-appointed standby counsel available, Thiel was tried by a jury on May 1, 1979. The jury re-turned a verdict of guilty on May 2, 1979, pursuant to which the court sentenced Thiel to one year in prison and fined him $2,500.

On appeal, Thiel argues (1) that the order transferring his case from the Western Division in Rapid City to the Southern Division in Sioux Falls amounted to an abuse of discretion and impaired his right to a fair jury trial; (2) that the court erred in allowing into evidence his tax returns for the years 1976 and 1977; (3) that the court erred in allowing an IRS (Internal Revenue Service) agent to testify about statements made by Thiel during an interview on November 1, 1976; (4) that the court erred in refusing to allow Thiel to introduce into evidence a copy of a letter written by him to the IRS Regional Counsel; (5) that statements made by the prosecutor in court during trial denied him due process of law; (6) that the court erred in refusing Thiel's requested instruction regarding a good faith defense; (7) that Title 26, U.S.C. § 7203 is unconstitutional as applied; and (8) that the District Court's refusal to allow Thiel to defend by his counsel of choice deprived him of his sixth amendment right to assistance of counsel.

■ Although Thiel admits that he has no constitutional right to be tried in any particular division of a district, see *Franklin v. United States*, 384 F.2d 377, 378 (5th Cir. 1967), *cert. denied*, 390 U.S. 954, 88 S.Ct. 1048, 19 L.Ed.2d 1147 (1968), he argues that the order transferring his case from the Western to the Southern division amounted to an abuse of discretion because he was prejudiced in the preparation and presentation of his defense. The order caused the trial to be held some 350 miles from his residence in the Rapid City area. Thiel claims that he would have been able to call additional witnesses in his behalf if the trial had been closer to his residence, but he fails to indicate what witnesses he would have been able to call or what they would have contributed to the trial. The District Court did not abuse its discretion by not deferring

---

1. Thiel attempted to appeal this order, but on March 21, 1979, this court dismissed the appeal for lack of jurisdiction because of its interlocu-tory nature. *United States v. Thiel*, No. 79–1090 (8th Cir. 1979) (unpublished).

to these questionable and generalized assertions of prejudice. Thiel had the right to subpoena witnesses in his defense. The change in location of trial was prompted by Thiel's motion to recuse Judge Bogue, the sole federal judge in that area.

Thiel's argument that the admission into evidence of the tax returns for years subsequent to the year involved in the charge is without merit. As stated in *United States v. Luttrell,* 612 F.2d 396, 397 (8th Cir. 1980): "Clearly, there was no abuse of discretion in the district court's admission of evidence regarding defendant's income tax filings either for the years preceding or following the years on which his conviction was based."

On November 1, 1976, Thiel met with an IRS agent who advised him that he was the subject of an investigation for failure to file an income tax return. The agent advised Thiel of his rights, after which Thiel made various statements, although he refused to talk specifically about his financial affairs for 1975. The District Court found that Thiel voluntarily made the statements after having been properly advised of his rights. No evidence supports a contrary conclusion.

At trial, Thiel sought to introduce, for the purpose of showing his mental state at the time the alleged offense was committed, a letter he sent to the IRS on July 25, 1976. The District Court sustained the prosecution's objection to its admission on the basis that the proposed exhibit was selfserving and hearsay. When evidence is offered, not to prove the truth of the matters stated therein, but only as an illustration of present state of mind, the evidence does not constitute hearsay. Fed.R.Evid. Rule 801(c). Although it would appear that the trial court should have admitted the letter and directed the jury to consider it

only as proof of state of mind and to disregard it as evidence of the truth of the matters asserted therein, this error does not require reversal of Thiel's conviction. The court stated that it would allow Thiel to testify concerning the matters which he wrote in the letter, and Thiel clearly articulated his good-faith-belief defense to the jury in his testimony and his closing argument. The evidence was overwhelming that Thiel was aware of his legal obligation and intentionally chose not to comply. *See Hayward v. Day,* 619 F.2d 716, at 717, (8th Cir. 1980); *United States v. Francisco,* 614 F.2d 617, 618 (8th Cir. 1980).

During trial, the prosecutor referred to the papers Thiel submitted to the IRS relating to taxes for 1975 as "protest documents." [2] Thiel objected to the use of the term, stating that the documents were requests for information and that he wasn't protesting. Thiel claimed that "it was a grievance, not a protest document." The court overruled the objection, stating, "I guess it'll be up to the jury to determine whether you were asking for information or whether you were protesting." [3]

During its closing argument, the prosecution stated:

And I think we have seen throughout history examples of what happens when the feelings and the attitude that Mr. Thiel is showing you is carried to the extreme. And just recently, in Jonestown in Guyana, I'm sure that the parents who led their children up to the Kool-Aid laced with strychnine or with a poison, had convinced themselves that what they were doing was right, but that didn't make it any less murder in that situation. Or in the Holocaust, the popularity of doing away with Jews. People may have convinced themselves that what they were doing was right but it didn't make their acts any less illegal.

2. IRS employee Hartley testified that when in the course of her employment with the Ogden Service Center she receives submissions of the type made by Thiel, she calls them "protest documents."

3. Thiel had submitted a 1975 Internal Revenue form 1040, to which he attached 44 pages of broad generalities inveighing against the income tax laws and claiming constitutional rights. In this document, he stated: "I am herewith filing my 1975 income tax return, *under protest * * *.*" (Emphasis added.)

782

Thiel argues that the reference to the papers submitted to the IRS as "protest documents" and the statement made during closing argument were so outrageous and prejudicial as to amount to a denial of due process and require reversal of the conviction. We have no difficulty concluding that the use of the term "protest documents" was not out of line and clearly was not prejudicial. The statements made in the closing argument, however, cannot be condoned. The Government's admission that "the analogies drawn may not have been the most judicious" is an understatement. The reference and analogy to Jonestown and the World War II Holocaust was, of course, made in reference to Thiel's assertion that the claimed righteousness of his actions in thwarting the tax laws would be a defense to a criminal charge. The prosecution's argument clearly transgresses the bounds of legitimate advocacy. When viewed in context, however, the remarks, while ill-advised, were certainly not prejudicial. Thus, despite their objectionable nature, they do not require reversal. A reading of the record discloses that Thiel by his words and actions demonstrated his consuming desire to avoid carrying his part of the tax burden. This is yet another case in the current wave of frivolous tax protests engendered by individuals who knowingly and willfully are attempting to shift their tax burdens onto the complying public. The amount of evidence indicating Thiel's guilt was overwhelming, and the remarks were isolated and not objected to when made. See United States v. King, 616 F.2d 1034, at 1040–1041 (8th Cir. 1980); United States v. Splain, 545 F.2d 1131, 1134–36 (8th Cir. 1976).

█ The District Court rejected Thiel's proffered instruction regarding willfullness as an element of the offense. Instead, the trial court instructed using language specifically approved by this court in United States v. Pohlman, 522 F.2d 974, 976–77 & n.2 (8th Cir. 1975) (en banc), cert. denied, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976), and by the Supreme Court in United States v. Pomponio, 429 U.S. 10, 12–13, 97 S.Ct. 22, 24, 50 L.Ed.2d 12 (1976), and added

that "a good faith misunderstanding of the law may negate willfulness, a good faith disagreement with the law does not." The District Court also instructed "that under the facts as presented in this case, the Fifth Amendment privilege is not a defense to the crime charged in the indictment." We find that the court's instructions correctly informed the jury of the applicable law. Thiel never claimed that his failure to make disclosures resulted from a desire not to incriminate himself in criminal activity. The critical issue at trial was whether the willfulness of his conduct was negated by good faith. The trial court clearly and accurately instructed the jury on this issue.

█ Thiel's arguments that the tax laws are unconstitutional as applied to him are frivolous. This circuit has repeatedly rejected arguments of this nature. E. g., Hayward v. Day, supra, 619 F.2d 716; United States v. Moon, 616 F.2d 1043, at 1048 (8th Cir. 1980); United States v. Francisco, supra, 614 F.2d 617, 619 (8th Cir. 1980); Reading v. Commissioner of Internal Revenue, 614 F.2d 159, 160 (8th Cir. 1980).

█ Proceeding pro se on appeal, Thiel argues that he wanted and needed a "friend" as his counsel, and that the court's insistence upon a duly licensed and qualified lawyer deprived him of his sixth amendment right to the assistance of counsel. This court has previously rejected an identical argument. United States v. Young, 578 F.2d 216 (8th Cir. 1978). Under the circumstances, the District Court did its utmost to preserve Thiel's sixth amendment rights by appointing standby counsel.

We have carefully reviewed the record and arguments of the parties and are convinced that Thiel received a fair trial comporting with the requisites of due process after which the jury could properly conclude that he had violated 26 U.S.C. § 7203 (1976).

Affirmed.