CLEO STEPHENS DENISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Denison v. Commissioner
Docket No. 25057-82.
United States Tax Court
T.C. Memo 1984-219; 1984 Tax Ct. Memo LEXIS 457; 47 T.C.M. (CCH) 1695; T.C.M. (RIA) 84219; April 25, 1984. Cleo Stephens Denison, pro se. Paula M. Jung, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax for 1978, 1979 and 1980: Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1978
$4,694.96
$1,173.74
$234.75
$149.87
1979
5,013.03
1,253.26
250.65
208.54
1980
5,601.83
1,400.46
280.09
366.52
The issues for decision are as follows: (1) Whether petitioner had gross income which he did not report for 1978, 1979 and 1980; and (2) Whether petitioner is liable for additions to tax under sections 6651(a), [1] *459 6653(a), and 6654 in each of the 3 years in controversy. FINDINGS OF FACT On the date the petition was filed, petitioner was a resident of the State of Arkansas and, at the times relevant to this proceeding, was married to Ivalene Denison. Petitioner's wife filed Forms 1040 for 1978, 1979, and 1980 with the Internal Revenue Service (IRS) in which she reported income as a married person filing separately; on her returns, she claimed the zero bracket amount (standard deduction) and one personal exemption in computing the tax. Petitioner filed no income tax returns for the 3 years here in controversy. During 1978, 1979 and 1980, petitioner was a self-employed brickmason. He received the amounts of $11,521.40, $9,970.10 and $6,531.92 from Sheets Materials Company in the calendar years 1978, 1979 and 1980, respectively, as payments for contract masonry work. The record includes copies of each of the checks issued to petitioner totalling those amounts. Under the terms of this contract work, Sheets Materials Company furnished all construction materials and supplies *460 required for the masonry work done by petitioner, and petitioner supplied the labor. [2]
Petitioner also performed personal services as a brickmason for persons other than Sheets Materials Company in each of the years 1978, 1979 and 1980. Petitioner was not an employer, and did not withhold any tax on wages of employees or file any partnership or employer's returns for 1978 through 1980. Petitioner maintained no records of any kind and supplied no information to the IRS with respect to either his income or his deductions. Respondent, therefore, reconstructed petitioner's income and determined that petitioner received unreported income from his brickmasonry work in the following amounts: 1978
$16,011.84
1979
17,333.68
1980
18,639.92
*461 This determination was based on statistics of the Bureau of Labor Statistics (BLS), United States Department of Labor, for average weekly earnings of masonry, stonework and plastering construction workers on payrolls of sample establishments in each of the years 1978, 1979 and 1980 as follows: Construction SIC 174 - Masonry, Stonework and Plastering Worker Average Weekly Earnings 1978
1979
1980
$307.82
$333.34
$358.46
OPINION Petitioner is a staunch tax protester who did not file income tax returns for any one of the 3 years 1978, 1979 and 1980 and who refused to maintain, or supply to the IRS any records or other information with respect to his income or expenses. Yet the notice of deficiency shows that the Commissioner had specific information demonstrating that petitioner was engaged in a lucrative brickmasonry contracting business and received precise amounts of income in each of the years in controversy from Sheets Materials Company. At the trial, petitioner admitted that he performed services for, and received income from, other persons as well. *462 When a taxpayer fails to file a return, and fails to maintain sufficient books and records, the IRS is entitled to reconstruct the taxpayer's income by any reasonable method. Mallette Bros. Construction Co. Inc. v. United States,695 F.2d 145, 148 (5th Cir. 1983); Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). The courts have long recognized that, in reconstructing a taxpayer's income in such circumstances, estimates may be used. E.g., Holland v. United States,348 U.S. 121, 125 (1954) (living costs as an element of the net worth and cash expenditures method); Hallabrin v. Commissioner,325 F.2d 298, 302-305 (6th Cir. 1963), affg. a Memorandum Opinion of this Court ("reasonable estimates"). We think the use of the Bureau of Labor Statistics as a basis for estimating petitioner's brickmason income was reasonable.[3] While petitioner may have had more or less earnings than the average earnings of brickmasons, he was given a full opportunity to show that he had less than the *463 average amount.Such a determination, moreover, casts no greater burden on a taxpayer than the statutes themselves. [4]
*464 Once respondent reconstructs a taxpayer's income and determines a deficiency in income tax, the burden is on the taxpayer to demonstrate that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.Failure to carry that burden compels the Court to sustain the determined deficiency. Petitioner failed to demonstrate that respondent's determination is erroneous. At the trial, petitioner declined to be sworn as a witness and "take the stand in my defense." Instead, he argued that he "owes no such duty to the state since he receives nothing therefrom" and that "his rights are such as exist by the law of the land long antecedent to the organization of the state * * *." He denied that Congress has the power to impose a tax "on a private individual that is employed in a common law right" or to compel him to disclose the amount of his income. In essence, he argues that he is not taxable on the income from his labor. Upon being called as a witness by respondent, petitioner freely admitted that *465 he did not file income tax returns, did not keep or submit to the IRS any records with respect to his income, was not an employer, and received compensation for his services to Sheets Materials Company and others in each of the years 1978, 1979 and 1980. Petitioner's argument that compensation for services is not income is, of course, frivolous. Section 61 expressly includes compensation for services as an item of gross income. The law books are replete with court decisions holding that compensation for labor is income; that neither the Fifth nor any other Amendment to the Constitution relieves an individual of the statutory obligation to file an income tax return, disclose the amounts of his income and pay a tax thereon; and that blanket assertions of the Fifth Amendment self-incrimination privilege may not be used to evade taxes. See, e.g., Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975), affg. a Memorandum Opinion of this Court; Steinbrecher v. Commissioner,712 F.2d 195, 197 (5th Cir. 1983), affg. a Memorandum Opinion of this Court; *466 Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. a Memorandum Opinion of this Court; United States v. Francisco,614 F.2d 617, 619 (8th Cir. 1980); Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979); Lively v. Commissioner,705 F.2d 1017 (8th Cir. 1983), affg. a Memorandum Opinion of this Court; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); Rowlee v. Commissioner,80 T.C. 1111 (1983). In view of respondent's reconstruction of petitioner's income, which we have found to be reasonable under the circumstances, and in view of petitioner's failure to offer any evidence which would indicate that his income was less than the amounts determined by respondent, we sustain respondent's deficiency determinations. There remain the additions to tax. Section 6651(a)[5] directs the imposition of an addition to tax, in the absence of reasonable cause, for failure to file a timely income tax return. Petitioner has not shown reasonable cause for his failure to file returns for the years before the Court. Section 6653(a) *467 [6] provides that there shall be imposed a 5-percent addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of the rules and regulations. Petitioner's basic argument is that he is entitled to disregard the tax laws enacted by Congress, and it is, therefore, clear that the underpayment here is due to intentional disregard of the revenue laws. Section 6654 provides for an addition to tax for underpayment of estimated taxes. Petitioner has offered nothing to show that this addition to tax does not apply. *468 In view of the frivolous nature of petitioner's arguments in the light of almost universal knowledge that compensation for services is taxable, consideration has been given to the imposition of damages under section 6673. We have decided not to do so in the circumstances of this case. We do call to the attention of petitioner, however, the recent revision of that section, [7] applicable to any action or proceedings in the Tax Court commenced after December 31, 1982, which authorizes the imposition of damages of as much as $5,000 whenever it appears to the Tax Court that the taxpayer's position in such proceedings is "frivolous or groundless." It is difficult to imagine an argument that more clearly fits that description than petitioner's position that Congress lacks power to impose a tax on his income. [8]
*469 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Referring specifically to these payments from Sheets Materials Company, respondent made an alternative determination of deficiencies based on taxing petitioner only on such payments as follows: ↩
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
Additions
Additions
Additions
1978
$2,857.23
$714.31
$142.86
$91.43
1979
2,174.58
543.65
108.73
90.64
1980
1,555.08
288.77
57.75
74.46
3. Since the tax protesters movement was initiated, the courts have repeatedly approved determinations based on projecting a taxpayer's income in prior years into the current years in comformance with the Consumer Price Index. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. a Memorandum Opinion of this Court; Moore v. Commissioner,722 F.2d 193 (5th Cir. 1984), affg. a Memorandum Opinion of this Court.The courts have also approved the use of Bureau of Labor Statistics cost-of-living statistics as a basis for deficiency determinations. Giddio v. Commissioner,54 T.C. 1530, 1533 (1970); Kindred v. Commissioner,T.C. Memo. 1979-457, affd. 669 F.2d 400 (6th Cir. 1982); see also Funk v. Commissioner,T.C. Memo. 1979-426, affd. 672 F.2d 922 (9th Cir. 1982); Howarth v. Commissioner,T.C. Memo. 1981-393; Denson v. Commissioner,T.C. Memo. 1982-360; Wheeling v. Commissioner,T.C. Memo. 1982-246, affd. 709 F.2d 1512↩ (6th Cir. 1983). 4. Every taxpayer must maintain records which enable him to file a correct tax return. Sec. 6001; sec. 1.446-1(a)(4), Income Tax Regs.; under sec. 7602↩, the IRS is authorized to "examine any books, papers, records, or other data which may be relevant or material" to the determination of liability. Compliance with these statutes would have permitted the establishment of the exact amount of his income.
5. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
6. SEC 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes), is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
7. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. ↩
8. Petitioner is no stranger to this Court. See Denison v. Commissioner,T.C. Memo. 1984-185↩, where petitioner made similar frivolous arguments involving his 1977 income tax liability.