

PBSI would certainly have been to raise these issues as defenses in the distributorship actions and to press for trial rather than to pursue the speculative *Commerce Tankers* claim. Indeed, since the latter actions were not viable even under PBSI's theory of *Commerce Tankers* until the injunctions were vacated, instituting them has had the effect of extending the term of the preliminary injunctions. We conclude that, viewing this litigation as a whole, PBSI should not be charged with attorney's fees for attempting to raise colorable federal claims under *Commerce Tankers* rather than solely as defenses to the distributorship actions.

We therefore affirm the dismissal of the complaints, reverse the award of attorney's fees and, *a fortiori*, affirm on the cross-appeal. Our affirmance of the dismissal of the complaints is without prejudice to PBSI's seeking damages in the amount of any existing security should the injunctions be vacated. We also express the hope that a final disposition in the district court of the pending cases involving these parties will speedily occur.

Affirmed in part; reversed in part. No costs.

Alton W. Wheeler, plaintiff-appellant pro se.

Richard N. Palmer, Asst. U.S. Atty., Hartford, Conn. (Alan H. Nevas, U.S. Atty., D. Conn., Hartford, Conn., of counsel), for defendant-appellee.

Before LUMBARD, MANSFIELD and KEARSE, Circuit Judges.

PER CURIAM:

Plaintiff Alton W. Wheeler, convicted in 1982 of willfully failing to file federal income tax returns, in violation of 26 U.S.C. § 7203 (1976), appeals from a judgment of the United States District Court for the District of Connecticut, Jose A. Cabranes, *Judge*, denying his application pursuant to Fed.R.Crim.P. 35 for a vacation of his sentence on the ground that 26 U.S.C. § 7203 is unconstitutional and therefore his conviction was invalid. We have considered Wheeler's arguments and find in them no merit. Congress unquestionably has the authority, under its general power to levy taxes, to require the filing of tax returns reporting taxable income and to make fail-

**Alton W. WHEELER,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 116, Docket 83–2215.**

United States Court of Appeals,
Second Circuit.

Submitted Sept. 12, 1984.

Decided Sept. 12, 1984.

*see Raymond Motor Transportation v. Rice,* 434 U.S. 429, 98 S.Ct. 787, 54 L.Ed.2d 664 (1978) (truck length limits interfering with the "interlining" of interstate trailers).

ure to comply with that requirement a criminal offense. We agree with our Sister Circuits, which have ruled unanimously that § 7203 is constitutional. *See, e.g., United States v. Thiel,* 619 F.2d 778, 782 (8th Cir.), *cert. denied,* 449 U.S. 856, 101 S.Ct. 152, 66 L.Ed.2d 70 (1980); *United States v. Francisco,* 614 F.2d 617, 619 (8th Cir.), *cert. denied,* 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); *United States v. Millican,* 600 F.2d 273, 278 (5th Cir. 1979), *cert. denied,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980); *United States v. Eagan,* 587 F.2d 338, 339 (6th Cir.1978); *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.), *cert. denied,* 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972); *cf. United States v. Acker,* 415 F.2d 328, 329 (6th Cir.1969), *cert. denied,* 396 U.S. 1003, 90 S.Ct. 553, 24 L.Ed.2d 495 (1970).

The judgment denying the motion to vacate sentence is affirmed.

**In re SHULMAN TRANSPORT ENTER-PRISES, INC., and Shulman Air Freight, Inc., Debtors.**

**PAN AMERICAN WORLD AIRWAYS, INC., on its own behalf and on behalf of all international common carriers by air similarly situated, Plaintiff-Appellant,**

v.

**SHULMAN TRANSPORT ENTERPRISES, INC., Shulman Air Freight, Inc., and Continental Bank, Defendants.**

**Continental Bank, Defendant-Appellee.**

**Cal. No. 1115, Docket 83–5068.**

United States Court of Appeals, Second Circuit.

Argued May 9, 1984.

Decided Sept. 18, 1984.

