**UNITED STATES of America, Plaintiff,**

v.

**James N. ROSIER and Janice Rosier, Defendants.**

**No. 85–06003–01/02–CR–SJ–6.**

United States District Court,
W.D. Missouri,
St. Joseph Division.

Dec. 17, 1985.

Anita L. Mortimer, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

C. Brooks Wood, Roger M. Phillips, Jackson, Dillard, Brouillette, Weisenfels, Phillips & Wood, P.C., Kansas City, Mo., for defendant James N. Rosier.

Thomas M. Bradshaw, Hoskins, King, McGannon, Hahn & Hurwitz, Kansas City, Mo., for defendant Janice Rosier.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Defendants have just obtained a one month's continuance in the trial of this tax prosecution. They also seek scheduling of the trial in St. Joseph, contending generally that would be more convenient for them and the witnesses and would not impede the prompt administration of justice. For reasons stated, the motion will be denied.

Defendants' counsel have their offices in Kansas City and are perhaps unaware of the policy of the court in not scheduling jury trials in the St. Joseph division between Thanksgiving and the last week of March. Unpredictable weather conditions endanger the empanelling and use of juries from the 18 county area, which includes many rural roads. Rule 18 of the Federal Rules of Criminal Procedure was amended in 1979 for speedy trial purposes. Accommodation may be made to regular judicial practices, such as holding court in one of the divisions "only one week per month." *United States v. Lawson,* 670 F.2d 923, 926 (10th Cir.1982). A fortiorari, unpredictable weather conditions would justify the scheduling of a criminal trial at a place more likely to be convenient to a jury or panel of veniremen.

Even if a summertime trial were in prospect, there is authority in this circuit permitting trial scheduling at the station where the judge normally sits and where court personnel reside. *United States v. Thiel,* 619 F.2d 778, 781 (8th Cir.), *cert. denied,* 449 U.S. 856, 101 S.Ct. 152, 66 L.Ed.2d 70 (1980).[1] While it has been held in the Second Circuit to be an abuse of discretion to schedule a criminal trial for the *sole* convenience of the judge (*United States v. Fernandez,* 480 F.2d 726 (2d Cir. 1973)), the *Fernandez* case itself notes that consideration should be given to the location of the office of defense counsel, the headquarters of the United States Attorney, and "the headquarters of the court." 480 F.2d at 730. This last phrase seemingly refers to the residence of court personnel such as courtroom deputies, reporters and marshals, and the expense to the Government and inconvenience of unnecessary travel.

Although some cases indicate that the considerations explicitly set forth in Rule 18 are exclusive (*United States v. Burns,* 662 F.2d 1378, 1381 (11th Cir.1981)), *Fernandez, Thiel* and other authorities suggest that judicial discretion may take into account numerous factors appearing in the particular case. *United States v. Afflerbach,* 754 F.2d 866, 869 (10th Cir.1985); *United States v. Raineri,* 670 F.2d 702, 706 (7th Cir.), *cert. denied,* 459 U.S. 1035, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982); *United States v. Gurney,* 393 F.Supp. 688, 705–07 (M.D.Fla.1974). My reading of the Rule is that the trial judge has broad discretion to "fix the place of trial within the district" but is simply cautioned to give "due regard" for the convenience of defendants and witnesses, as well as the "prompt administration of justice."

Judicial notice is taken of the fact that Mound City, the residence of defendants,

---

**1.** The undesirable aspect of removing a judge from his home station, and from the processing of his docket, is itself apparently a proper consideration, at least in this circuit. *See also Unit-* *ed States v. Truglio,* 731 F.2d 1123, 1130 (4th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 197, 83 L.Ed.2d 130 (1984).

has direct interstate highway access to Kansas City, and the cost to defendants of motel space in Kansas City (if they do not choose to commute) would be considerably less than the cost of the additional hourly fees incurred if Kansas City counsel were to try this case in St. Joseph.[2]

While the court reserves discretion in other similar criminal prosecutions, the controlling matter at this time is getting this case disposed of before April.

The motion for trial in St. Joseph is therefore DENIED.

---

2. Retention of counsel from St. Joseph and areas above that city is an important factor in scheduling the situs of civil trials. *Johnson v.*

*Burlington Northern, Inc.,* 480 F.Supp. 259 (W.D. Mo.1979).