UNITED STATES of America, Plaintiff,

v.

William L. NANCE, Defendant.

No. 89-06001-01-CR-SJ-6.

United States District Court,
W.D. Missouri,
St. Joseph Division.

April 24, 1989.

which is less than twenty miles from the interstate highway to Kansas City. Driving time would be approximately two hours. Character witnesses could easily make the round trip in one day. No other factors appear to favor a trial in St. Joseph which is, concededly, somewhat closer to Albany than would be Kansas City.

The Eighth Circuit has long held inapplicable in federal court a common law rule "requiring juries to be summoned from the vicinage where the crime is committed, so that the accused can have the benefit of his own good character and standing, if he has such, or of such knowledge as the jury may possess of the character of witnesses who may testify for and against him." *Clement v. United States,* 149 F. 305, 310 (8th Cir.1906) (accused not entitled under federal law to a jury exclusively summoned from the division of the district in which he was triable); *Spencer v. United States,* 169 F. 562 (8th Cir.1909) (jury plan excluding Polk County, Iowa, residents from juries in Polk County cases is valid); *Billingsley v. United States* 178 F. 653 (8th Cir.1910) (Oklahoma City trial of case arising in Guthrie is proper). Changes in federal law in 1966 strengthened the rule against requiring that trial juries be chosen from the area where a defendant resides or where the alleged crime may have been committed. *United States v. Florence,* 456 F.2d 46, 50 (4th Cir.1972) (transfer for convenience of defendant and witnesses may appropriately be sought, but discretion may be exercised against such transfers, for reasons such as anticipated delay in reaching trial). The change in law was "designed to avoid administrative hardship and undue delay in the disposition of criminal cases," (*United States v. Cates,* 485 F.2d 26, 28 (1st Cir. 1974)), a factor more colorfully described in the concurring opinion as avoiding a requirement "that the single Maine district judge jump back and forth from division to division simply because Maine is divided into two divisions for purposes of convenience in no way previously thought con-

Dan Stewart, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

James R. Wyrsch, Koenigsdorf, Wyrsch & Ramsey, P.C., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Defendant has moved for trial in St. Joseph. This is a prosecution against a small town bank president for allegedly misapplying funds by causing a $150,000 loan for an airport on an island in the South Pacific and allegedly causing a false entry in loan committee minutes.

An assertion is made that many defense witnesses, including character witnesses, are from the area of Albany, Missouri,

nected with jury selection." 485 F.2d at 30.[1]

■ It has been my general practice to try so-called St. Joseph criminal cases in Kansas City, partly because Kansas City is the situs of the Public Defender's office and the office of the United States Attorney. An administrative factor favoring Kansas City trials is the residence of judges, court reporters, court-room deputies and deputy marshals (if needed) in Kansas City, so that even an hour's drive at the beginning and conclusion of each trial day would be somewhat burdensome and would needlessly add to Government expenses. Still another factor is the regular scheduling of a joint criminal docket in Kansas City about every six weeks, which guarantees availability of trial judges (not necessarily the judge to whom the case was initially assigned) for prompt trials. On the other hand, the residence of defendants and witnesses from the St. Joseph area rarely poses serious inconvenience to them when called on to appear for trials in Kansas city.

Only one St. Joseph criminal case was tried in that city during the past ten years; one or more requests for a St. Joseph trial have been rejected. *See, e.g., United States v. Rosier*, 623 F.Supp. 98 (W.D.Mo. 1985). When otherwise convenient, consideration would be given to scheduling a trial in St. Joseph if the trial might be of educational value for the public (tax protestors, for example) or possibly if it had a rural, farming aspect that might benefit from the general experience of jurors drawn from rural counties.[2] The choice of St. Joseph area lawyers as defense counsel might occasionally be weighed in the balance, as that might tend to tilt convenience toward St. Joseph. *Compare Johnson v. Burlington Northern, Inc.*, 480 F.Supp.

259 (W.D.Mo.1979). The court is mindful that a lawyer's obligations during trial extend considerably beyond the courtroom, and two hours should not be added to the trial day unless absolutely necessary. Many Kansas City lawyers and this judge stay overnight in St. Joseph during a jury trial which adds to expenses.

The Government has previously agreed not to oppose trial in St. Joseph. It informs the court that some of its witnesses would find trial there more convenient; others would find trial in Kansas City more convenient. While defendant conceivably may find trial in Kansas City to be slightly more expensive for him, the factor is trifling compared with the general costs of trial. The controlling factors here in exercising discretion under the statute and Rule 18, Federal Rules of Criminal Procedure, are the reliance of defendant on Kansas City counsel, the routine scheduling of this case on the joint docket in Kansas City beginning May 8, the availability of back-up judges and my responsibility to be available for that docket, and the administrative burden of staffing St. Joseph during trial with Kansas City residents, at considerable extra cost to the judicial budget.[3] Although the convenience of witnesses is entitled to be weighed in the balance, it is a minor factor here. "Due regard" is all that Rule 18 contemplates.

The motion for scheduling a trial in St. Joseph is therefore DENIED.

---

1. If the concurring opinion refers simply to a judicial preference for remaining at home this would, in my judgment, not be a permissible consideration. In the present case, however, a significant number of court personnel and two attorneys would be inconvenienced by a transfer, and there would be significant added cost to the Government. There would be some "disruption of the functioning of the court caused by trial away from its customary headquarters." This is a proper consideration. *United States v. Raineri*, 670 F.2d 702, 706 (7th Cir.1982), *cert.*

*denied,* 459 U.S. 1035, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982).

2. It is not claimed here that small banking practices would differ between Pattonsburg and many small banks in the Kansas City area.

3. The additional expense and inconvenience to jurors from distant counties in the St. Joseph division is also a deterrent.