a. waiver is an affirmative defense which was never pleaded or raised in the district court, Fed.R.Civ.P. 8(c);

b. the government has never relied on waiver on appeal;

c. it is an old and fundamental rule that the burden of proof is on the party claiming waiver and it was never proved by the government, *Masden v. Travelers' Ins. Co.*, 52 F.2d 75, 76 (8th Cir. 1931);

d. that the essence of waiver is a *voluntary* and *intentional* relinquishment of a known right, mere thoughtlessness cannot create waiver, 28 Am.Jur.2d *Estoppel & Waiver* § 158; and finally

e. waiver cannot be implied from the mere failure to act, *Buder v. Fiske*, 174 F.2d 260 (8th Cir.), *modified* 177 F.2d 907 (8th Cir. 1949).

**UNITED STATES of America, Appellee,**

v.

**Edgar L. SHIELDS, Appellant.**

No. 80–1944.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1981.

Decided Feb. 26, 1981.

Rehearing and Rehearing En Banc Denied April 7, 1981.

Lewis, Rice, Tucker, Allen & Chubb by John C. Shapleigh, St. Louis, Mo., for appellant Edgar L. Shields.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Larry D. Hale, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

Edgar L. Shields appeals his conviction on two counts, for (1) wilfull failure to timely file a 1977 federal income tax return in violation of 26 U.S.C. § 7203, and (2) for wilfully furnishing his employer with false and fraudulent federal income tax withholding information in violation of 26 U.S.C. § 7205. We affirm.

Shields, an aerospace engineer earned income of $16,416.75 during 1976 which resulted in a federal income tax liability of $2,204. During 1977 he earned $18,164.71 in

income, including $1,900 during January and February, resulting in a $2,933 tax liability. He filed no federal income tax return for 1977 and on May 11, 1977, he filed Form W–4E, Exemption from Federal Income Tax Withholding Certificate, certifying, under penalty of perjury, that he incurred no federal tax liability in 1976 and anticipated none in 1977. Previously, defendant filed amended federal income tax returns for the years 1968–75, inclusive, showing no income for those years. In a letter attached to his 1975 return, Shields stated that after long study he has learned that nowhere in the Internal Revenue Code is the term "dollars" or the symbol "$" defined, the only definition in any statute is in the Coinage Act of 1792 which defines dollars in terms of "lawful money," such as 412½ grams of silver, paper money since 1968 is not payable on demand in "lawful money," and "new coins" are no longer made of "lawful money." Shields concluded that he had received no "dollars" as wages and, thus, had earned no "dollars" in income. The Internal Revenue Service mailed two letters to Shields, both dated September 17, 1976, in response to his 1973 and 1974 amended returns informing him that his conclusion was not acceptable. Again, in a letter dated June 15, 1978, the IRS informed Shields that his position was erroneous.

Congress has declared federal reserve notes to be legal tender, 31 U.S.C. § 392, and federal reserve notes are taxable dollars, *United States v. Rifen,* 577 F.2d 1111, 1112 (8th Cir. 1978); *United States v. Daly,* 481 F.2d 28, 30 (8th Cir. 1973). Shields argues, however, that he acted on a good faith belief as to the definition of "dollars" and that the government failed to prove that he "wilfully" violated Sections 7203 and 7205. Wilfullness under the IRC only requires proof of an intentional violation of a known legal duty. *United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976); *United States v. Francisco,* 614 F.2d 617 (8th Cir. 1980). Evidence of Shields' prior filing and tax paying history, and IRS attempts to explain the legal requirements to him are sufficient to sustain the jury's finding that Shields was aware of his legal obligations imposed by the tax laws and intentionally chose not to comply with them. *See United States v. Francisco,* 614 F.2d 617, 618 (8th Cir. 1980); *United States v. Rifen,* 577 F.2d 1111, 1113 (8th Cir. 1978).

Shields also challenges the exclusion of evidence by the district court. Upon review of the record, we find no abuse of discretion and no merit to this claim. We also find the other issues presented to this court to be frivolous.

Judgment affirmed.