**UNITED STATES of America, Appellee,**

v.

**Robert E. SPURGEON, Appellant.**

**No. 81–2103.**

United States Court of Appeals, Eighth Circuit.

Submitted March 1, 1982.

Decided March 8, 1982.

Rehearing Denied May 17, 1982.

Robert E. Spurgeon, pro se.

Ronald D. Lahners, U. S. Atty., D. Neb. and David J. Ryan, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Robert E. Spurgeon appeals from his conviction for willful failure to file a 1975 income tax return in violation of 26 U.S.C. § 7203 (1976). Spurgeon filed tax returns for the years immediately preceding 1975, but in 1975 he chose to file a protest document instead of a tax return. Evidence produced at trial showed his gross income for that year to be in excess of $70,000. Spurgeon was tried on September 9, 1981, and the jury returned a guilty verdict on September 10, 1981. The District Court[1] entered judgment on the jury verdict and sentenced Spurgeon on October 5, 1981.

On appeal Spurgeon raises four contentions: (1) that 26 U.S.C. § 7203 does not confer criminal jurisdiction on federal district courts, (2) that with respect to the issue of willfulness, the District Court should not have instructed the jury that dollars are money, (3) that the members of the jury should have been sworn in as judicial officers under the Constitution, and (4)

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

that Spurgeon was subjected to selective prosecution because of his position as a leader in the tax protest movement. We find none of these claims to have merit, and accordingly we affirm the judgment of the District Court.

■ First, although it is true federal courts are courts of limited jurisdiction, 18 U.S.C. § 3231 provides that district courts "have original jurisdiction ... of all offenses against the laws of the United States," including the crime of which Spurgeon was convicted.[2]

■ Second, Spurgeon's contention that a dollar is not a form of money but merely a unit measure which cannot be taxed is clearly frivolous. The District Court did not err in instructing the jury that dollars are money, nor did that instruction unjustly prejudice Spurgeon's defense on the willfulness issue. *See United States v. Shields*, 642 F.2d 230, 231 (8th Cir.), *cert. denied*, — U.S. —, 102 S.Ct. 168, 70 L.Ed.2d 137 (1981).

■ Third, the District Court did not err in refusing to require the jury members to swear to uphold the Constitution. The jury was sworn in the usual way,[3] and Spurgeon cites no authority to support his assertion that the jurors should instead have been sworn in as officers of the court under article VI, clause 3 of the Constitution.

2. The District Court in dismissing Spurgeon's jurisdictional claim carefully explained why it lacks merit. *See United States v. Spurgeon*, No. CR 81–0–19 (D.Neb. Sept. 8, 1981) (Memorandum and order denying motion to dismiss for lack of jurisdiction).

3. The clerk administered the following oath to the jury: "You and each of you do solemnly swear that you will well and truly try and true deliverance make between the United States of America and Robert E. Spurgeon, the defendant at bar, so help you God?" Tr. 4.

4. The only evidence of intentional discrimination which the defendant advances is the following remark made by the prosecutor at the sentencing hearing.
   He [the defendant] has been quite active in this part of the state, advocating change. And that's well and fine as long as the

■ Finally, Spurgeon was not a victim of selective prosecution.

In order to establish the essential elements of a prima facie case of selective discrimination, [appellant] must first demonstrate that he has been singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted.... Second, [he] must demonstrate that the Government's discriminatory selection of him for prosecution was based upon an impermissible ground....

*United States v. Larson*, 612 F.2d 1301, 1304 (8th Cir.), *cert. denied*, 446 U.S. 936, 100 S.Ct. 2154, 64 L.Ed.2d 789 (1980). After reviewing the record, we conclude that Spurgeon has not met this test of "intentional and purposeful discrimination." *Id.*[4]

The judgment of the District Court is hereby affirmed.

change being advocated is within the law. Unfortunately, it has gone over. And I think that for a combination of the fact that he still hasn't, isn't really contrite as far as violating the law, still basically denies that it is a violation of what the law really is, and the fact that as a deterent [sic] for other people, because he is basically a leader in this area, that I would ask the Court to impose the maximum sentence....
Tr. 131–32. This comment, addressed solely to the magnitude of the punishment to be imposed for Spurgeon's crime, does not show that Spurgeon was singled out for prosecution. Also, when Spurgeon attempted at trial to prove that others similarly situated were not prosecuted criminally, he was unable to do so. *See* Tr. 76-79.