**UNITED STATES of America, Appellee,**

v.

**Albert E. MARKS, Appellant.**

**No. 81–00045–01–CR–W–1–H.**

United States District Court,
W. D. Missouri, W. D.

March 19, 1982.

Robert G. Ulrich, U. S. Dist. Atty., Richard J. Nolan, Frederick O. Griffin, Jr., Asst. U. S. Attys., Kansas City, Mo., for appellee.

David F. Williams, Kansas City, Mo., for appellant.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Senior District Judge.

Albert E. Marks appeals from his conviction for willful failure to file tax returns in violation of 26 U.S.C. § 7203 (1976). Judgment and sentence were imposed following a jury trial, the Honorable Calvin K. Hamilton, Chief United States Magistrate for the Western District of Missouri, presiding, by consent of the parties.

Appellant presents four questions for review. Those questions, as stated in appellant's brief, are as follows:

I. The district court [sic] erred in that the court was without jurisdiction to proceed in this matter under Title 26, United States Code, which is a civil statute not subject to the criminal jurisdiction of this court.

II. The district court [sic] erred in denying defendant's motion for judgment of acquittal for the reason that there was insufficient evidence in the record to support a conviction.

III. The district court [sic] erred in charging the jury and refusing to charge the jury in the following respects:

A. The Court erred in giving Instruction Number 13 which defined gross income as including wages, without also instructing the jury at the same time that "wages" did not appear in Section 61 of Title 26 of the Internal Revenue Code, evidenced by the jury's request for additional instructions with regard to "income" and "wages," thereby negating the reasonableness of defendant's belief.

B. The Court erred in giving Instruction Number 14 as it related to the definition of willfulness rather than giving defendant's proposed Instruction defining willfulness as requiring "a bad purpose or evil motive to disobey or disregard the law ..." and further by striking defendant's proposed definition of willfulness from Instruction Number 16.

C. The Court erred by refusing to give defendant's requested Instruction concerning the defendant's reputation for truth and veracity.

IV. The district court [sic] erred in denying defendant's request for a mistrial at the close of the government's closing argument for the reasons that:

A. Government counsel mis-stated material evidence and law by stating that the Government's expert witness, Agent Guggenmos, was not qualified to testify with respect to the criminal sections of the Internal Revenue Code.

B. Government counsel's general statement to the jury during closing that if they did not convict the defendant, there would be general chaos and the destruction of our society was de-

signed to prejudice and inflame the jury was not a proper statement of the facts or law or a reasonable inference to be derived from the evidence, and thus, denied the defendant a fair trial.

## I.

The precise question presented by appellant's first argument was rejected in the recent per curiam opinion of *United States v. Spurgeon*, 671 F.2d 1198 (8th Cir. 1982). The Magistrate clearly had jurisdiction over the subject matter of the case.

## II.

■ Appellant's second argument is without merit. Willfulness under the tax code requires only proof of an intentional violation of a known legal duty. *United States v. Francisco*, 614 F.2d 617 (8th Cir. 1980). The evidence established that prior to 1976, Marks timely filed income tax returns as required by law, but that he filed no tax returns for the years 1976–1979 (Tr. at 22, 31, 44). He also intentionally stopped the withholding of taxes from his paycheck during that period (Tr. at 133, 159). Marks testified that he arrived at the conclusion early in 1976 that wages are not included within the term "income" in Section 61, IRC (Tr. at 135–136), after having become concerned "about how many millions of dollars we are spending here and there" contrary to "the way I want my money spent" (Tr. at 136) and after reading segments of Supreme Court cases, such as *Pollock v. Farmers Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (1895), and *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916). We note that that testimony is not necessarily inconsistent with the intentional violation of a known legal duty. In any event, the evidence as to appellant's prior tax paying history, when viewed in the light most favorable to the government, is clearly sufficient to sustain the jury's finding that appellant was aware of his legal obligation and intentionally chose not to comply. *See United States v. Francisco, supra; United States v. Rifen*, 577 F.2d 1111, 1113 (8th Cir. 1978).

## III.

■ Appellant's third argument is likewise without merit. The following subsections refer to appellant's contentions with regard to that argument as raised and cited at the outset of this opinion.

## A.

The Magistrate read to the jury the text of Section 61 of Title 26, United States Code, as part of Instruction 13. That can hardly have constituted error. The Magistrate then read the remainder of Instruction 13, which Judge Hamilton himself had prepared, which advised the jury of the minimum dollar amounts which required the filing of a return for each of the years in question. Instruction 13 closed with the statement that "Gross income includes compensation for services, including wages." That, of course, is a correct statement of the law.

After a short period of deliberation, the jury sent a note to the Magistrate as follows: "Can we have IRS Code 61 or description of income," signed by the foreman. The Magistrate responded by rereading Section 61 of the United States Code, and then stating:

> That completes the reading of Section 61 of the United States Code—of Title 26, United States Code.

The rest of the instruction was as follows. This is taken from the instructions that I prepared myself. My first part of it says to me, says to myself, "Read Section 61 and then continue:"

> Every individual who was married at the close of the taxable year he and his spouse had a—and who was married and at the close of the taxable year he and his spouse had the same household as their home would have been entitled to make a joint income tax return and in that event would have been required to make a tax return.

> One, for the tax year of 1976, if the joint gross income of the individual and

his spouse for that year was in excess of $3,600; two, for the tax year of 1977 if the joint gross income of the individual and his spouse for that year was in excess of $4,700; three, for the tax year of 1978 if the joint gross income of the individual and his spouse for that year was in excess of $4,700; and four, for the tax year of 1979 if the joint gross income of the individual and his spouse for that year was in excess of $5,400.

Gross income includes compensation for services, including wages. [Tr. pp. 194–196]

Even assuming that some confusion may have resulted from the initial reading of the text of Section 61 together with the settled legal interpretation thereof without specifically identifying the statutory language itself, the reread Instruction, which specifically identified the statutory language, adequately clarified the matter for the jury.

Moreover, appellant admits in his brief at page 21 that, as the Magistrate was considering instructing the then dead-locked jury as to Section 61 yet a third time, "Because of the harm that had already been done and not wanting to further confuse the issue, defendant withdrew his proffered instruction." The Magistrate did not err with respect to the giving of Instruction 13.

### B.

■ Appellant admits that the Magistrate's Instruction 14, as given, correctly stated the applicable law. That Instruction was specifically approved in *United States v. Bowman*, 602 F.2d 160, 162 n.1 (8th Cir. 1979) (per curiam) and *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) and was properly given by Judge Hamilton.

### C.

■ The only testimony that could arguably be taken as referring to the truth and veracity of the defendant was the testimony of the defendant himself. Appellant's proffered Instruction from Devitt and Blackmar, *Federal Jury Practice and In-structions* (1977), Section 15.25 begins: "Where a defendant has offered evidence of good *general* reputation for truth and veracity . . . . (emphasis added) Defendant offered no such general evidence and was not entitled to the proffered instruction.

### IV.

Appellant's fourth and final argument, which we also find to be untenable, is in two parts.

### A.

■ During closing argument, government counsel stated as follows:

With respect to the interrogation on cross examination of Revenue Agent Guggemas [sic], Mr. Williams got into elements with respect to the criminal law. Well, ladies and gentlemen, you will remember that Mr. Guggemas [sic] was qualified as an expert on taxes, not on the criminal law. . . . [Tr. at 27].

Defendant moved for a mistrial "because counsel for the government has tried to distinguish between criminal tax code and civil tax code when, in fact, it is all contained in the same code . . ." [Tr. at 28]. However, appellant's civil tax liability was not at issue in the case; and, although the legal elements of a tax deficiency and an act of tax evasion may be within the expertise of a Revenue Agent, the element of willfulness is most certainly not. The government's closing argument made reference to defendant's cross-examination of the government's expert witness and was not improper. *See* Trial Tr. at 72–77.

### B.

■ Also during closing argument, government counsel stated:

The second motive, and I think probably the more likely motive in this case, was that he (the defendant) simply attempted to place himself above the law . . . . I submit to you, ladies and gentlemen, that in a society such as ours, there would be sheer chaos if this was

permitted, that each citizen formed his own opinion as to what he feels the law may be. [Tr. at 29].

Appellant's assertion that the quoted statement deprived him of a fair trial is untenable. Compare *United States v. Ojala*, 544 F.2d 940, 946 (8th Cir. 1976).

### V.

For the reasons stated, the judgment of the Magistrate is affirmed.