**UNITED STATES of America, Appellee,**

v.

**Albert E. MARKS, Appellant.**

**No. 82–1460.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Oct. 27, 1982.

Rehearing and Rehearing En Banc Denied Dec. 6, 1982.

Robert G. Ulrich, U. S. Atty., Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

David F. Williams, Springfield, Mo., for appellant Marks.

Albert E. Marks, pro se.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

## PER CURIAM.

Defendant Albert Marks appeals from his convictions for wilfully failing to file income tax returns in violation of 26 U.S.C. § 7203.[1] Marks was charged in a four-count indictment with failing to file his income tax returns for the tax years 1976, 1977, 1978, and 1979. The jury found the defendant guilty on all four counts, and the magistrate sentenced him to consecutive one-year terms of imprisonment for Counts I and II, and consecutive suspended one-year terms of imprisonment with two years of probation for Counts III and IV. Marks was also fined $1,000 on each of the last two counts.

At trial, Marks conceded that all elements of the charges against him were present except for the intent requirement. His primary defense in the court below was that he did not *intentionally* fail to file his income tax returns because he, in good faith, believed that wages were not subject to the income tax. The jury squarely faced this issue. The magistrate's instructions stated:

> The specific intent of willfulness is an essential element of the offense of failure to file an income tax return.

\* \* \* \* \* \*

> [T]he defendant's conduct is not wilful if you find that he failed to file a return because of negligence, inadvertence, accident, or reckless disregard for the requirements of the law, *or due to his good faith misunderstanding of the requirements of the law.* (Emphasis added.)

The jury rejected Marks' good faith misunderstanding defense, and found that he intentionally failed to file his tax returns.

On appeal, Marks claims that there was not sufficient evidence to support the jury's verdict.[2] Upon a review of the entire record, we must reject the defendant's claim. There is ample evidence, including the fact that Marks filed his federal income tax returns prior to 1976, to support the jury's verdict. *See e.g., United States v. Karsky,* 610 F.2d 548, 551 (8th Cir. 1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980).

Marks further contends that the court below committed various other reversible errors, including: (1) failing to give the specific instructions he requested concerning wages and wilfulness, (2) failing to give any instruction regarding his reputation for truthfulness and veracity, and (3) denying his motion for a mistrial after the government's closing argument. After carefully

---

1. The defendant received a jury trial in the United States District Court for the Western District of Missouri, Chief United States Magistrate Calvin Hamilton presiding. The defendant appealed his conviction to the district court, and the Honorable John Oliver, Senior United States District Court Judge, entered an order affirming the magistrate's judgment.

2. Marks' first defense on appeal is that the district court lacked jurisdiction over his prosecution for violating 26 U.S.C. § 7203. There is no merit to this claim. *United States v. Spurgeon,* 671 F.2d 1198, 1199 (8th Cir. 1982).

reviewing the record and briefs, and hearing oral argument, we find no merit in these contentions. Accordingly, we affirm the district court's judgment.