**UNITED STATES of America**

v.

**John L. SASSCER.**

**Crim. No. K–82–00324.**

United States District Court, D. Maryland.

Nov. 29, 1982.

**34**

J. Frederick Motz, U.S. Atty., and Elizabeth H. Trimble, Asst. U.S. Atty., Baltimore, Md., for the U.S.

Charles Lee Nutt, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

In this case, defendant is charged in a two-count indictment with willful failure to file income tax returns for the calendar years 1976 and 1977 under 26 U.S.C. § 7203. Defendant timely moved to dismiss the indictment on the ground that when Congress, in 1948, revised Title 18 of the United States Code, Congress failed to continue the grant to the federal District Courts of jurisdiction in criminal cases concerning violations of the federal income tax laws as set forth in Title 26.

18 U.S.C. § 3231, as it presently reads and has read since 1948, provides:

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of *all* offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

(Emphasis added).

Defendant contends that the words "all offenses against the laws of the United States," as those words appear in present section 3231, refer only to criminal violations of substantive provisions set forth in Title 18. A review of the legislative history of present section 3231 teaches, however, to the contrary. H.R. 3190 as introduced into the House of Representatives on April 27, 1947 [1] was entitled "A Bill to revise, codify, and enact into positive law, Title 18 of the United States Code, entitled 'Crimes and Criminal Procedure.'" That bill provided, in pertinent part, as follows:

§ 3231. DISTRICT COURTS

Offenses against the United States shall be cognizable in the district courts of the United States, but nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof.

The accompanying report of the House Committee on the Judiciary stated, in pertinent part:

This section [3231] was formed by combining sections 546 and 547 of title 18, U.S.C., 1940 ed., with section 588d of title 12, U.S.C., Banks and Banking, with no change of substance.

H.R.Rep. No. 304, 80th Cong., 1st Sess. 100 app. (1947).

The three statutory provisions referred to in that House report appear as follows in the 1940 edition of the United States Code which edition was in effect prior to the 1948 statutory changes:

1. 18 U.S.C. § 546 (1940):

The crimes and offenses defined in this title [Title 18] shall be cognizable in the district courts of the United

---

1. Codification and revision of the criminal statutes were undertaken in October, 1943, by the House Committee on Revision of the Laws. A bill prepared by that committee passed the House on July 16, 1946, 79th Congress, was reintroduced in the 80th Congress as H.R. 3190, and passed the House again on May 12, 1947.

States, as prescribed in section 41 of Title 28.

2. 18 U.S.C. § 547 (1940):

Nothing in this title [Title 18] shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

3. 12 U.S.C. § 588d (1940):

Jurisdiction over any offense defined by sections 588b and 588c of this title [Title 12] shall not be reserved exclusively to courts of the United States.

Defendant argues that because House Report No. 304 states that the proposed section 3231 contained "no change in substance" from the earlier statutory provisions referred to in that report, present section 3231 applies only to Title 18 crimes and not to crimes set forth in any other title of the United States Code. Defendant emphasizes the omission in present 18 U.S.C. § 3231 of the words "defined in this title." Those words were contained in 18 U.S.C. § 546 prior to the 1948 statutory revisions. However, defendant fails to take note that subsection (2) of 28 U.S.C. § 41, which section was specifically referred to in 18 U.S.C. § 546 (that latter section was in turn referred to in H.R.Rep. 304), provided as follows prior to the 1948 statutory changes:

The district courts shall have original jurisdiction as follows

\* \* \* \* \* \*

(2) Crimes and offenses.

Second. Of *all* crimes and offenses cognizable under the authority of the United States.

28 U.S.C. § 41(2) (1946) (emphasis added).[2]

When Title 28 was revised in 1948, section 41 of that title, which had been composed of twenty-eight subsections each relating to a different grant of federal district court jurisdiction, was incorporated into numerous other individual sections of Title 28.[3] Subsection 41(2) of Title 28, which granted to the district courts jurisdiction in criminal cases and is quoted *supra* p. 3, was severed in 1948 from Title 28 and was incorporated into the new 18 U.S.C. § 3231. The original proposed House revision of that new 18 U.S.C. § 3231 is set forth *supra* p. 2 and was introduced in 1948 as H.R. 3190.[4] That House bill was amended in the Senate to read as it presently exists:

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

*See* S.Rep. 1620, 80th Cong., 2d Sess. 2430 (1948).

The Senate version, *i.e.*, the section as it presently exists, explicitly established the exclusivity of district court jurisdiction by incorporating into new 18 U.S.C. § 3231 the language of former 28 U.S.C. § 371(1), which read as follows prior to the 1948 statutory changes:

The jurisdiction vested in the courts of the United States in cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

First. Of all crimes and offenses cognizable under the authority of the United States.

---

**2.** Section 41 traces its ancestry to the First Judiciary Act of 1789 and was, in turn, the parent of today's 18 U.S.C. § 3231. The First Judiciary Act of 1789 ("An Act to establish the judicial courts of the United States") gave the federal trial courts "exclusive cognizance of all crimes and offenses cognizable under the authority of the United States," subject to a concurrent jurisdiction of the state courts to try certain minor criminal offences. Act of September 24, 1789, ch. 20, §§ 9, 11, 1 Stat. 76, 78. *See generally,* Bator, Mishkin, Shapiro &

Wechsler, Hart & Wechsler's The Federal Courts and the Federal System (2 ed.) 34, 1265. Those provisions were incorporated into R.S. §§ 563 and 711, respectively, which were, in turn, the bases for 28 U.S.C. § 41(2) and 28 U.S.C. § 371(1). *See* annotations following 28 U.S.C. § 41(2) and 28 U.S.C. § 371(1) (1940).

**3.** *See* reviser's notes to 28 U.S.C. §§ 1331–1359 (1946 & Supp.1949).

**4.** *See supra* n. 1.

28 U.S.C. § 371(1) (1940). The accompanying Senate report stated:

> This amendment is necessary to preserve the provisions of section 371(1) of title 28 United States Code, 1940 edition, giving the district court of the United States original jurisdiction of *all* offenses against the laws of the United States, exclusive of State courts.

S.Rep. 1620, 80th Cong., 2d Sess. 2430–31 (1948) (emphasis added).

In the light of the legislative history reviewed above and the plain meaning of the word *all* in new (as of 1948) 18 U.S.C. § 3231, it is clear that that statute confers jurisdiction in federal district courts over "cases involving *all* offenses against the laws of the United States" (emphasis added) regardless of whether the case involves violation of a crime set forth in Title 18 or in some other title of the United States Code such as Title 26.

In *United States v. Spurgeon,* No. Cr 81–0–19 (D.Neb. Sept. 8, 1981), the same contention raised herein by defendant was posed in support of a motion to dismiss filed by defendant in that case. That motion was denied by Chief Judge Urbom. In turn, that denial was affirmed in *United States v. Spurgeon,* 671 F.2d 1198 (8th Cir. 1982) (per curiam), in which the Eighth Circuit wrote:

> [A]lthough it is true federal courts are courts of limited jurisdiction, 18 U.S.C. § 3231 provides that district courts "have original jurisdiction . . . of all offenses against the laws of the United States," including the crime [26 U.S.C. § 7203] of which Spurgeon was convicted.

*Id.* at 1199 (footnote omitted). 26 U.S.C. § 7203 is the statute involved in the within case.

For the reasons set forth in this opinion, defendant Sasscer's motion to dismiss has been denied by this Court.