UNITED STATES of America, Appellee,

v.

Edgar L. SHIELDS, Appellant.

No. 84–1364.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1984.
Decided Dec. 27, 1984.

Richard A. Ahrens, St. Louis, Mo., for appellant.

Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Edgar L. Shields appeals from the District Court's revocation of his probation for failure to file income-tax returns. Because revocation was not supported by evidence in respect of three of the five asserted violations, we vacate the judgment and remand the case to the District Court.

I.

In 1980, Shields was convicted for failure to file a federal income-tax return for 1977, a violation of 26 U.S.C. § 7203 (1976), and for filing a false withholding certificate with his employer, a violation of 26 U.S.C. § 7205 (1976).[1] On the first count Shields was sentenced to one year's imprisonment, and on the second count he was given three years of probation, following service of his sentence on Count I. The general conditions of probation required him to follow his probation officer's instructions. A special condition of probation required Shields to file all correct income-tax returns and forms required by income-tax laws, and to

pay all taxes determined to be owed during the period of probation. We affirmed the conviction and sentence on direct appeal. *United States v. Shields,* 642 F.2d 230 (8th Cir.) *cert. denied,* 454 U.S. 848, 102 S.Ct. 168, 70 L.Ed.2d 137 (1981).

During the probationary period, Shields's probation officer instructed him to file all "required" income-tax returns for the years 1976, 1977, 1978, 1979, and 1980. Shields refused to file returns. A probation-revocation hearing was held, and his probation was revoked. The District Court then sentenced Shields to one additional year in prison.

Shields first argues that there was a failure of proof at his revocation hearing. The government proved only that he failed to file returns for the five years in question. It introduced no evidence of Shields's income. Only those persons with gross income above a certain level are required by law to file returns. 26 U.S.C. § 6012. Absent evidence of Shields's income, there is no way to tell whether he was required to file a return or not. The government replies that Shields unquestionably filed no returns. He therefore, it is argued, violated the probation officer's instructions and the conditions of his probation.

We agree with Shields on this point. The instruction he allegedly violated directed him not simply to file returns, but to file "required" returns. If no returns were required, his failure to file is not a violation.

The government has the burden of persuasion in a probation-revocation hearing to show that the probationer's conduct has not met the conditions of probation. *Schneider v. Housewright,* 668 F.2d 366, 368 (8th Cir.1981). The government failed to offer any evidence at the hearing that Shields was obligated by law to file the returns. The government failed to meet its burden of persuasion, and revocation of probation was not proper for the

---

1. The certificate falsely stated that Shields had incurred no liability for federal income taxes for 1976 and that he anticipated he would incur no liability for federal income taxes in 1977.

failure to file returns for 1978, 1979, and 1980.[2] The government did show, however, at the original trial that Shields's income for the years 1976 and 1977 was sufficient to require that returns be filed. The evidence is therefore sufficient to support revocation of probation for the failure to file returns for these two years.

Perhaps the government could have shown that Shields had a sufficient gross income for the last three years in question. We are morally certain that Shields would have refused to file returns whatever his income might have been. He contends that his earnings are not "dollars," and that the federal income-tax law is unconstitutional. These arguments are frivolous, as we have held many times. But if punishment is to be imposed, there must be proof of guilt, and in this record there is no proof that returns were required for 1978, 1979, or 1980.

## II.

Shields also argues that since he has already served one year in prison for failure to file a return for 1977, revocation of probation for the failure to file this return is double jeopardy. We do not agree. Even though Shields cannot be prosecuted again for failure to file the return, the return is still required by law to be filed, and failure to obey a probation officer's instruction that it be filed is a separate act justifying additional punishment.

In *United States v. Alarik*, 439 F.2d 1349 (8th Cir.1971), the defendant was convicted for refusing to register for the draft and was placed on probation for three years. A special condition of probation required that the defendant register for the draft. The defendant failed to register, his probation was revoked, and he was sentenced to two years' imprisonment. The defendant argued that since he could not be prosecuted again for failure to register, the special probation condition was improper. This Court held the condition was not improper. "Because under normal circumstances a defendant could not be prosecuted for failure to perform an act does not make that act an illegal condition of probation." *Id.* at 1351. The same reasoning applies here. Shields was bound to obey the instructions of the probation officer, and he did not do so for the years 1976 and 1977.[3]

In *United States v. Drinkall*, 749 F.2d 20 at 21 (8th Cir.1984), this Court held that, although probation could not be revoked for unlawful conduct which occurred before conviction, failure to notify the Social Security Administration of remarriage was a continuing misrepresentation of marital status and was a proper ground for revocation of probation. When a legal obligation to perform an act exists both prior to conviction and during probation, and the omission continues, revocation of probation is proper.

## III.

In sum, we hold that the revocation of Shields's probation, to the extent that it was based on his failure to file income-tax returns for the years 1978, 1979, and 1980, was not supported by any evidence in this record. We reject Shields's

---

**2.** Shields's probation was revoked for the failure to file tax returns, not for the failure to pay taxes. We are not concerned, therefore, with the restitution provision in the probation statute, 18 U.S.C. § 3651 (1982).

**3.** An analogous situation exists under the probation restitution statute, 18 U.S.C. § 3651 (1982), which provides that as a condition of probation the defendant may be required to make restitution for actual damages or loss caused by the offense for which he was convicted. A defendant convicted of tax evasion may be required, as a condition of probation, to pay taxes owed, so long as the amount has been properly determined. If he fails to pay, probation may be revoked and additional punishment imposed, even if time has already been served for evading the same taxes. Breach of the condition of probation is not, in the eyes of the law, the "same offence" as the underlying conviction, in this situation. *But cf. United States v. Green*, 735 F.2d 1203, 1205 (9th Cir.1984) (restitution may not be required of back taxes for years other than those involved in the conviction).

claim that revocation of probation for his failure to file a 1977 return is a violation of the Double Jeopardy Clause of the Fifth Amendment. In addition, the record does contain sufficient evidence to justify a finding that returns were required for the years 1976 and 1977.[4]

■ The judgment of the District Court, revoking Shields's probation and sentencing him to one year's additional imprisonment, is vacated. The cause is remanded to the District Court for it to reconsider whether probation should be revoked and, if so, what punishment should be imposed.[5] We note that Shields has been in prison pursuant to the District Court's revocation of his probation since February 1, 1984. His term is about to expire, and for this reason the District Court may decide, assuming it remains of the view that probation was properly revoked, that the time Shields has served is sufficient. Because of the shortness of time, we direct that our mandate issue forthwith, and we ask the District Court to conduct the further proceedings contemplated by this opinion as soon as practicable.

Vacated and remanded.

---

4. Shields also argues that the District Court impermissibly delegated to the probation officers the right to set conditions of probation, and that the instructions he received to file tax returns were invalid because they came from an officer in St. Louis, where defendant was convicted, rather than from the probation office in Wichita, Kansas, to which supervision of his case had been transferred. We reject these arguments without further discussion.

5. On remand, it will not be open to the government to attempt to show what Shields's income

was for 1978, 1979, and 1980. A hearing has been held, and we have determined that the evidence presented at this hearing was insufficient to meet the government's burden of proof on this issue. The Double Jeopardy Clause forbids giving the government another chance at this point. Cf. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (once a reviewing court has found the evidence insufficient to sustain a jury's verdict of guilty, the Double Jeopardy Clause precludes a second trial, and judgment of acquittal must be entered).