**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Chris E. SEMPOS, Defendant, Appellant.**

**No. 84–2026.**

United States Court of Appeals, First Circuit.

Argued Aug. 7, 1985.

Decided Sept. 9, 1985.

Robert V. Carr, Boston, Mass., was on brief for defendant, appellant.

Thomas J. Drinan, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., were on brief for plaintiff, appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Appellant Chris E. Sempos was convicted of willfully failing to file income tax returns in violation of 26 U.S.C. § 7203. He received a term of probation of one year, a one-year suspended sentence, and a fine of $4,000. The sole issue here is whether there was sufficient evidence to establish willfulness with respect to the failure to file returns on time. We affirm.

A taxpayer's willfulness in failing to file returns is an essential element of prosecutions under 26 U.S.C. § 7203.[1] In

---

**1.** 26 U.S.C. § 7203 provides:

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall

the context of this statute, willfulness means a voluntary, intentional violation of a known legal duty. *United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976) (per curiam). Appellant claims that the government failed to establish willfulness, as required by 26 U.S.C. § 7203.

■ In reviewing a conviction challenged on the basis of the sufficiency of evidence, the court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979) (emphasis in original). Having reviewed the record with this standard in mind, we find appellant's challenge without merit.

First, Sempos was charged with the failure to file tax returns for the years 1976, 1977, 1978 and 1979. The defendant had a prior history of regularly filing timely returns. Indeed, he had filed timely returns for some thirty years. Also, there was evidence that appellant had requested and obtained before 1976 extensions of time within which to file. Thus, when viewed in the light most favorable to the government, the jury could have inferred that Sempos knew of his obligation to file tax returns and that his failure either to file returns or to request extensions constituted a voluntary violation of a known legal duty. *See United States v. Marks,* 534 F.Supp. 663, 665 (W.D.Mo.1982), *aff'd,* 691 F.2d 428 (8th Cir.1982).

Second, there was evidence that the Internal Revenue Service (IRS) sent appellant four written notices reminding him of his obligation to file returns. Moreover, a representative from the IRS' Collection Division visited appellant and reminded him of that duty. Nonetheless, Sempos failed to file returns after having been reminded of his duty to file by the IRS. The jury could have inferred that failure to file after having been notified by the IRS constituted a willful failure to comply with the law.

Finally, the defendant himself admitted that he knew he had an obligation to file tax returns on April 15th of each year. He also told an IRS agent that he was aware that he had not filed his tax returns.

■ Nevertheless, Sempos complains that pressing financial and personal problems justified his failure to comply with the law. He argues that these problems were so overwhelming that he was unable to prepare his tax returns on time. Financial or domestic problems, however, do not rule out willfulness as that term is used in 26 U.S.C. § 7203. *See United States v. Greenlee,* 517 F.2d 899, 903 (3d Cir.1975); *see also Bernabei v. United States,* 473 F.2d 1385 (6th Cir.1973) (per curiam) (evidence of financial and personal problems not relevant to issue of willfulness under 26 U.S.C. § 7203). Thus, the fact that Sempos had domestic or financial problems does not necessarily offset his willfulness to disregard the law.

■ In sum, there was sufficient evidence from which the jury could have concluded that appellant willfully failed to file tax returns in violation of 26 U.S.C. § 7203. Consequently, Sempos' convictions should stand.

*Affirmed.*

be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure."