Donnie R. HILL, Appellant,

v.

UNITED STATES, Appellee.

No. 84–1383.

District of Columbia Court of Appeals.

Argued May 12, 1987.

Decided Aug. 12, 1987.

Gary T. Brown, Washington, D.C., appointed by the court, for appellant.

Elizabeth Trosman, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and James F. Rutherford, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, MACK and BELSON, Associate Judges.

PER CURIAM:

This is an appeal from a denial of appellant's motion to reduce his sentence, or, in the alternative, to correct an illegal sentence. *See* D.C.Code § 23–110 (1981); Super.Ct.Crim.R. 35(a). Appellant contends that by ordering him to pay restitution to victims of crimes for which he was not convicted, the trial court exceeded its authority under the District of Columbia's restitution statute, D.C.Code § 16–711 (1986 Supp.). We decide only that, where, as here, a defendant consents to compensation to victims of crimes for which he was indicted but not convicted, and consents to the specific terms of the restitution plan, the trial court does not exceed its statutory authority in offering such a restitution plan as an alternative to incarceration. Accordingly, we affirm.

I.

By a six count indictment, appellant was charged with two counts of first-degree theft, D.C.Code §§ 22–3811, –3812(a) (1986 Supp.), one count of attempted second-degree theft, *id.*, §§ 22–3811, –3812(b), two counts of destruction of property, *id.*, § 22–403 (1981), and a Bail Reform Act violation, *id.*, § 23–1327(a). The property crimes arose from three separate incidents involving three victims. Appellant pleaded guilty to one count of theft from one of the victims and to the Bail Reform Act violation. In exchange, the government moved to dismiss the four remaining counts. At the time he entered the guilty plea, appellant offered to make restitution. The court then recommended that, prior to sentenc-

ing, the prosecutor and defense attorney collaborate on a schedule of restitution payments.

At the start of the sentencing hearing, the defendant was informed that the restitution alternative to incarceration would include compensation to all three complainants listed in the indictment. The court first ascertained the specific monetary losses to each of the three complainants: $900 to the first, $4,000 to the second, and $122 to the third. Appellant's counsel then represented that appellant told him "that the people should be made whole" and that appellant was "willing to make the restitution."

Subsequently, the court addressed appellant personally and in open court:

COURT: You really want to make restitution?

DEFENDANT: Yes, sir. Yes, sir, I really do.

The court then informed appellant of the specific terms of the plan:

COURT: Here is what I propose. You're going to start paying $45 a week into the registry of the Court.... Fifteen dollars is going to go towards each of the accounts. We're going to open up the account in the name of the first victim, the second victim and the third victim. At $45 a week, it will be $15 given to each one of them, and it will be mailed out.... That means that at the end of two months, the third one that suffered the $122 will have been paid off. Now you're still going to pay, and I'll reduce it to $20 a week [per victim].... And we'll get this thing started. And you miss one, I'm going to lock you up.

DEFENDANT: I'm not going to miss one.

COURT: All right. So we will start your payments effective next Monday. Is that agreeable?

DEFENDANT: Yes, sir.

\*     \*     \*     \*     \*     \*

COURT: Forty-five bucks for the first two months, and then, it reduces itself to $40 a month for almost three years until these people are paid off. I would suggest that it's paid into the registry of the Court the first Monday of each week.

DEFENDANT: Yes, sir.

COURT: Now if you skip one, they may not get to me, but you'd better have a double one right after that.

DEFENDANT: Yes, sir.

Based on these colloquies, there is no question that appellant was informed that the restitution plan included compensation to all three victims and there no question that appellant consented.

Furthermore, the sentencing judge informed appellant personally of the alternative to restitution:

COURT: Does he understand now? Alternatively, if he messes up, the sentence is, for failure to comply with the order of restitution because I'm imposing a sentence, and I'm suspending it upon conditions, is going to be two to six years imprisonment. [Sic] I'll suspend it with a probationary period and I don't even want supervised probation. I just want the money there. And if it doesn't get to that bank down there in the Clerk's office, I'm going to come looking for you, and you're going to jail for two to six.

DEFENDANT: Yes, sir.

\*     \*     \*     \*     \*     \*

COURT: You understand now?

DEFENDANT: Yes, sir.

## II.

The Council of the District of Columbia enacted the restitution statute as part of the District of Columbia Sentencing Improvements Act of 1982. D.C.Law 4–202, § 2, 30 D.C.Reg. 173 (1981) (codified at D.C.Code § 16–711 (1986 Supp.)). Since Superior Court judges used restitution as a sentencing alternative prior to the Sentencing Improvements Act, the statute was primarily designed to provide standards for judges to consider when ordering defendants to make restitution or reparation. *See* COMMITTEE OF THE JUDICIARY OF THE DISTRICT OF COLUMBIA, REPORT ON BILL 4–120, THE "DISTRICT OF COLUMBIA SENTENCING IMPROVEMENTS ACT OF 1982," at 1 (November 10,

1982) (hereinafter "JUDICIARY REPORT"). The statute provides in relevant part:

    (a) In criminal cases in the Superior Court, *the court may,* in addition to any other sentence imposed as a condition of probation or as a sentence itself, *require a person convicted of any offense to make reasonable restitution or reparation.*

    (b) When restitution or reparation is ordered, the court shall take into consideration the number of victims, the actual damage of each victim, the resources of the defendant, the defendant's ability to earn, any obligation of the defendant to support dependents, and other matters as pertain to the defendant's ability to make restitution or reparation.

D.C.Code § 16–711 (1986 Supp.) (emphasis added).

Appellant concedes, as he must, that § 16–711 authorizes a sentencing judge to compel a defendant to pay reasonable restitution to victims of crimes for which a defendant is convicted. *See Davidson v. United States,* 467 A.2d 1282 (D.C.1983); *Sloan v. United States,* 527 A.2d 1277 (D.C.1987). Appellant contends, however, that the trial court exceeded its authority in ordering restitution to the two complainants of the charges which were ultimately dismissed.

    ■ Section 16–711, by its own terms, does not authorize a trial judge to impose on a defendant an order encompassing restitution to victims of crimes for which a defendant has not been convicted.[1] In our view, however, the sentencing judge did not compel appellant to pay restitution to those victims. Rather, appellant first offered to make such restitution and subsequently consented to the terms and conditions of payment of those victims in exchange for a suspended sentence on the

two counts to which appellant had pleaded guilty. In light of the traditional discretion attendant upon sentencing, and the legislative history of the restitution statute, we conclude that the trial court acted within its statutory authority in offering a restitution plan which appellant, by his own volition, acceded to in exchange for a suspended sentence.

It is by now well-settled that a sentencing judge enjoys considerable discretion in formulating an appropriate sentence, including setting the conditions of probation and restitution. *See United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Lemire,* 232 U.S.App.D.C. 100, 125, 720 F.2d 1327, 1352 (1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984). Furthermore, the Council of the District of Columbia evinced a clear intent to enhance the sentencing options available to Superior Court judges through the enactment of the Sentencing Improvements Act. JUDICIARY REPORT, *supra,* at 4; *Davidson, supra,* 467 A.2d at 1285; *Sloan, supra,* 527 A.2d at 1289. In the preamble to the Act, the District stated that one of its purposes was "to promote the use of restitution and community service as sentencing options." D.C.Law 4–202, 30 D.C.Reg. 173 (1981). The Council noted that, although community service and restitution were already widely used in the Superior Court, "if these options [were] used in lieu of incarceration more frequently, there [would] be ... money returned to victims in the case of restitution" and thus the bill would have a positive fiscal impact. JUDICIARY REPORT, *supra,* at 5. Executive branch comments to the bill likewise expressed the view that "the sentencing judge should be provided with as many sentencing alternatives as possible in order to be able to render a sentence that is appropriate for the circum-

---

**1.** We do not reach the question whether, apart from this statute, a trial judge is empowered to condition probation on restitution for offenses for which the defendant was not convicted. *See Basile v. United States,* 38 A.2d 620, 622 (D.C. 1944) (having approved restitution for loss resulting from an offense for which defendant was convicted, court declines to reach issue

whether restitution must be limited to loss caused by that offense). This question is likely to arise in cases in which a defendant pleads guilty to one or more counts of an indictment, in return for which other counts are dropped by the government. *See Garski v. State,* 75 Wis.2d 62, 68, 248 N.W.2d 425, 430 (1977).

stances of the offender." *Id.* at Attachment A, p. 3. It seems clear, therefore, that a sentencing judge may offer a defendant sentencing alternatives from which a defendant may choose.

 Of course, not every imaginable restitution plan may be offered as the basis of an alternative to incarceration. Here, however, the sentencing hearing and restitution plan were circumscribed by reasonableness. Although appellant did not plead guilty to the crimes against all three complainants, all three were named in the same indictment and appellant pleaded guilty to one of the crimes. Additionally, the trial court ascertained the specific monetary loss to each of the victims. *Cf. Sloan, supra,* at 1290 (quoting *Lemire, supra,* 232 U.S.App.D.C. at 127, 720 F.2d at 1354) (" 'it would have been helpful if the [trial court] made findings of fact elucidating the basis for its monetary assessment' "). While it would be preferable for the sentencing judge to assure that a defendant consents, by separate answers, to a certain amount of restitution to each of the complainants of the dismissed charges, the one-on-one colloquy at the sentencing hearing here demonstrates appellant's knowledge of both the amount of restitution and recipients of the restitution payments. Furthermore, it demonstrates appellant's personal consent to the terms of the plan. Finally, while sentencing judges should specifically inform defendants of their freedom to reject a restitution plan encompassing complainants of dismissed charges, the record here discloses that appellant himself offered to make restitution and freely chose the restitution plan in lieu of incarceration.

We note that if appellant now seeks to alter the terms of the restitution plan, the proper vehicle is D.C.Code § 16–711(d) (1986 Supp.), which authorizes a defendant to request a hearing on any matter related to the plan of restitution. Clearly, in the case of a failed restitution agreement, a sentencing judge exercising reasonable discretion would be empowered to refashion the initial sentence to meet the changed circumstances.

For the reasons stated above, the decision on appeal is affirmed.

MACK, Associate Judge, concurring:

I join fully in the majority opinion. I write separately only to state that the answer to the question the court reserves in footnote one seems clear to me. Neither a statute nor "inherent judicial powers" can be invoked to *impose* a penal sanction, such as restitution, on a defendant who is not convicted of the offense underlying the proposed imposition of the sanction.