**Chester L. HARDY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88–445.**

District of Columbia Court of Appeals.

Submitted April 14, 1989.
Decided Aug. 3, 1990.

---

George L. Richardson, appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, and Helen M. Bollwerk, Paul J. O'Reilly, and Thomas J. Tourish, Jr., Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and GALLAGHER, Senior Judge.

TERRY, Associate Judge:

Appellant Hardy appeals from the denial of his motion to correct and reduce sentence.[1] He contends that a condition of probation imposed in this case created a possibility of multiple punishments for a single offense and therefore violated the Double Jeopardy Clause of the Constitution. We agree, and therefore we remand this case to the trial court with instructions to vacate the offending condition of probation.

## I

Hardy was charged by information with possession of cocaine, a controlled substance, in violation of D.C.Code § 33–541(d) (1988). He pleaded guilty to the lesser included offense of attempted possession of cocaine and in due course appeared before Judge Queen for sentencing. After allocution, he was sentenced to pay a $200 fine and to serve one year in jail. Execution of the jail term was suspended, however, except for the first thirty days. In lieu of the remaining jail time, Hardy was given eighteen months' probation following his release, on condition that he maintain his employment, continue in a drug treatment program, and commit no further law violations during the term of his probation. Additionally, as a condition of his probation in the instant case, Hardy was ordered to "comply with the restitution order [previ-

ously] imposed in M–11480–86 by Judge Taylor."

In case No. M–11480–86 Hardy had been charged with destruction of property. He pleaded guilty to the charge and was given a suspended sentence, with two years' unsupervised probation. Judge Taylor, the sentencing judge in that case, also ordered Hardy as a condition of his probation to pay restitution to the victim in the amount of $1100. At the time of sentencing in the instant case, Hardy had not fully or timely complied with that restitution order.

After sentencing in the instant case, Hardy filed a motion to correct and reduce sentence, which the trial court denied. Hardy now contends, as he did below, that his sentence in this case exposes him to double jeopardy because a failure to pay the restitution originally ordered in case No. M–11480–86, and again in the instant case, may subject him to double punishment, *i.e.*, the possibility that his probation may be revoked in both cases for a single act (or failure to act).

## II

D.C.Code § 16–711 (1989) expressly authorizes a sentencing court to require a defendant to make restitution to his or her victim as a condition of probation. *See Sloan v. United States*, 527 A.2d 1277, 1289 (D.C.1987).[2] What happened here, however, is that after the sentencing judge ordered restitution as a condition of probation in case No. 1, another judge ordered the *same* restitution to the *same* victim as a condition of probation in case No. 2, even though that victim had nothing to do with case No. 2. We hold that the action of the second judge violated the Double Jeopardy Clause, which prohibits, *inter alia*, "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnote omitted); *accord, e.g., United States v. Wilson*, 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43

---

1. Super.Ct.Crim.R. 35(a), (b).

2. This court has never held, however, that a defendant in one case may be ordered, consistently with section 16–711, to pay restitution to the victim in an entirely separate case. *See Hill v. United States*, 529 A.2d 788, 790 & n. 1 (D.C. 1987).

L.Ed.2d 232 (1975); *Carter v. United States*, 497 A.2d 438, 441 (D.C.1985); *Douglas v. United States*, 488 A.2d 121, 129–130 (D.C.1985).

The order to pay restitution which the judge in the second case imposed as a condition of probation creates a very real likelihood of multiple punishment. For a single omission—the failure to pay the restitution ordered in case No. M–11480–86—Hardy faces the prospect of having his probation revoked in both cases. This court has held, however, that "[w]hen a probationer violates a condition of his probation, the only appropriate sanction is a withdrawal of the previously afforded favorable treatment rather than the imposition of an additional penalty." *Jones v. United States*, 560 A.2d 513, 516 (D.C. 1989). What that means here is that, if Hardy were to violate the restitution order imposed as a condition of probation in case No. M–11480–86, "the only appropriate sanction" for that violation would be the revocation of his probation *in that case.* The trial court's error here was in tying the two cases together so that a violation of probation in the first case could result in revocation of probation in the second as well as the first. "[T]he imposition of an additional penalty," revocation of Hardy's probation in the second case, is impermissible under the Double Jeopardy Clause.[3]

We find no material difference between this case and *In re R.L.C.*, 114 Wis.2d 223, 338 N.W.2d 506 (Wis.Ct.App.1983). In *In re R.L.C.* a juvenile was ordered to pay restitution as a condition of probation, but he did not comply with the condition before his probationary term ended. Later he was arrested on a different charge and, after pleading guilty, was again sentenced to probation. As a condition of probation in the second case, he was ordered to pay the restitution that he had not paid in the first case. The Court of Appeals held that this duplicative condition violated the Double Jeopardy Clause because it exposed the respondent to punishment in the second case solely for failing to comply with the restitution order in the first case. *Id.* at 224–226, 338 N.W.2d at 507–508.

Although the facts here are somewhat different, we think the rationale of *R.L.C.* applies with equal force in the case at bar. Hardy was appropriately ordered in case No. M–11480–86 to pay restitution because of his conduct in that case, on pain of having his probation revoked. Then, however, he was ordered *again,* by a second judge, to pay restitution to his victim in No. M–11480–86, subject to having his probation revoked in *this* case. As in *R.L.C.*, Hardy now faces the possibility that his probation may be revoked in two separate cases for a single act or omission, which "amounts to being punished twice for the same offense." *Id.* at 225–226, 338 N.W.2d at 508.

■ The duplicative condition imposed in the instant case is invalid for yet another reason. Whereas Hardy originally received only a six-month suspended sentence in No. M–11480–86, Judge Queen's terms of probation subjected him to the possibility of one year in prison for the offense in that earlier case. Consequently, a failure to make restitution in No. M–11480–86 could subject Hardy to a longer period of incarceration than he would ever have to serve under Judge Taylor's sentence, even if Judge Taylor revoked his probation. Additionally, Judge Queen's order created the anomalous possibility that Hardy's probation might be revoked for failure to make restitution *after* he was no longer required to make restitution in M–11480–86, contrary to a recent decision of this court:

> [T]oday we make explicit what has previously been implicit in our decisions and

---

3. We recognize, of course, that Hardy's failure to pay the restitution ordered in case No. M–11480–86 and then duplicatively ordered here would not automatically subject him to revocation of his probation in either case. *See Bearden v. Georgia,* 461 U.S. 660, 672, 103 S.Ct. 2064, 2072, 76 L.Ed.2d 221 (1983) (holding that a probationer's failure to pay restitution cannot be punished with imprisonment absent a showing that "the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay"). The mere threat of multiple punishment, however, suffices to make the condition imposed in the second case unconstitutional.

hold that, under D.C.Code § 24–104, a trial court cannot revoke probation after the expiration of the probationary term originally imposed, unless the court extends the period of probation, or otherwise acts to preserve its jurisdiction, *during the probationary term.*

*Sumpter v. United States,* 564 A.2d 21, 23–24 (D.C.1989) (emphasis added). While a sentencing judge has the power, under D.C.Code § 24–104 (1989), to modify or extend the terms of probation during the probationary term, there is nothing in that statute that allows this power to be exercised by another judge in another case.[4]

 It has been said that jeopardy does not attach "in parole, probation, or bond revocation hearings, because these proceedings are not designed to punish a defendant for violation of a criminal law." *Eighteenth Annual Review of Criminal Procedure,* 77 GEO. L.J. 489, 880 (1989). What this means, however, is essentially that the facts supporting a revocation of probation or parole may also support a conviction or a revocation of probation or parole in another proceeding, or vice versa, *without running afoul of the Double Jeopardy Clause. See, e.g., United States v. Miller,* 797 F.2d 336, 338–341 (6th Cir.1986) (Double Jeopardy Clause not violated by prosecution for offense previously asserted as ground for probation revocation in another case because defendant was not placed in jeopardy at revocation hearing); *United States v. Shields,* 751 F.2d 247, 249 (8th Cir.1984) (no double jeopardy when, after conviction of failing to file income tax return, probation was revoked for failure to obey probation officer's instruction to file that same tax return); *United States v. Whitney,* 649 F.2d 296 (5th Cir.1981) (no

double jeopardy when revocation of probation is based on facts adduced in previous parole revocation hearing).[5] The rationale for these and similar holdings is that jeopardy does not attach in probation or parole revocation proceedings because they are not new criminal prosecutions but, rather, continuations of the original prosecutions which resulted in probation or parole. Consequently, while the Double Jeopardy Clause guards against multiple punishments for the same offense, it does not bar the reopening of a prior adjudication, which is what happens when probation or parole is revoked. *See In re Coughlin,* 16 Cal.3d 52, 60–61, 545 P.2d 249, 254–255, 127 Cal. Rptr. 337, 342–343 (1976) (probation); *In re Dunham,* 16 Cal.3d 63, 69, 545 P.2d 255, 259, 127 Cal.Rptr. 343, 347 (1976) (parole).

 In the instant case the issue is different. Here the trial court's sentence effected a penalty increase *in a different case.* None of the opinions which state that jeopardy does not attach in probation revocation proceedings addresses this point. The question before us is whether one court may broaden or extend—or affect in any way—a criminal penalty imposed by another court. For the reasons we have stated, we hold that such action is barred by the Double Jeopardy Clause.

### III

To make clear the limits of our holding, we stress that we are not prohibiting trial courts from imposing the same condition of probation in two different cases, so long as one is not tied to the other. For example, if a judge in case A ordered the defendant, as a condition of probation, not to commit any new crime while on probation (a stan-

---

**4.** Another anomaly is that Judge Queen's order placed Hardy's restitution payments under the supervision of two separate judges, opening the possibility of inconsistent determinations of whether he "willfully refused to pay" or whether he "failed to make sufficient bona fide efforts legally to acquire the resources to pay." *See Bearden v. Georgia, supra* note 3, 461 U.S. at 672, 103 S.Ct. at 2072. If Judge Taylor, for example, were to find that Hardy had not violat-

ed any of the conditions she imposed and kept him on probation, a contrary finding by Judge Queen that he had violated the corresponding condition of probation *in the second case,* resulting in revocation, would raise serious constitutional questions.

**5.** The pertinent facts of the *Whitney* case are set forth in a previous opinion, *United States v. Whitney,* 632 F.2d 654 (5th Cir.1980).

dard condition of probation which we see in many cases, including this one [6]), a judge in case B could impose the very same condition without violating the Double Jeopardy Clause, so long as the two conditions are totally independent of each other. As we have said, the error here lay in linking the probation in the second case to a condition imposed by a different judge in the first case, so that a violation of a single condition could subject Hardy to double punishment. That link, as *In re R.L.C.* demonstrates, makes the condition in the second case unconstitutional.

■ Accordingly, the order to pay restitution imposed as a condition of probation in this case must be vacated. We remand this case to the trial court with instructions to do so, leaving undisturbed the rest of Hardy's sentence.[7]

*Remanded with instructions.*

---

**6.** Judge Queen ordered Hardy to commit "no further law violations" during his probationary term. Hardy has not challenged that condition.

**7.** Hardy also contends that the trial court abused its discretion in fining him $200. This claim is subject to review only for possible abuse of the court's "considerable discretion in formulating an appropriate sentence...." *Hill v. United States, supra* note 2, 529 A.2d at 790. Hardy gives this contention scant attention in his brief, asserting only that his "difficult financial straits" indicate his inability to pay. The record, however, does not indicate either that Hardy was unable to pay or that the fine imposed was unduly onerous. Quite to the con-

trary, in a letter to the trial court urging a term of probation, Hardy's counsel represented that Hardy had maintained employment for over five years as a licensed cab driver. This representation of long-standing gainful employment was repeated by counsel at the sentencing hearing. Hardy himself told the court that his abstinence from drugs not only made his life style better, but "made [his] income go up...." Further, Hardy was given from January 5, 1988 (the date sentence was imposed), until May 31, 1989, to pay the fine. We find no abuse of discretion in requiring Hardy to pay a mere $200 fine and giving him almost seventeen months in which to do so.